UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 13-23495-CIV-ALTONAGA/O'Sullivan

MARCELLINE AZOR, CEDRICK PERKINS,
CARLSON ST. LOUIS, SARAH GARCIA,
and JOSHUA ALFORD,

Plaintiffs,

v.

CITY OF MIAMI BEACH, et al.

　　　　　　Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, CARLSON ST. LOUIS, by and through undersigned counsel, sues Defendants, CITY OF MIAMI BEACH, CITY OF HIALEAH, OFFICER PHILIPPE ARCHER, OFFICER LEON AZICRI, OFFICER FREDERICK DOMINGUEZ, OFFICER PHILIP ELMORE, OFFICER KENNE ESPADA, OFFICER ANTONIO FERBEYRE, OFFICER ERIC FIGUEROA, OFFICER DERICK KUILAN, OFFICER RICARDO BABICH, OFFICER MARLON ESPINOZA, OFFICER ERIK MARTIN, and OFFICER SONNY OCHART, and alleges the following:

## INTRODUCTION

1.　　Plaintiff seeks damages arising from Defendants' use of excessive force against him, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of Florida.

1

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

## JURISDICTIONAL STATEMENTS AND PARTIES

2.      Jurisdiction of this Court is invoked pursuant to 28 USC § § 1331 and 1343(3) in that this is a civil action arising under the Constitution of the United States to redress the deprivation, under the color of state law, of rights secured to Plaintiff by the Fourth and Fourteenth Amendments' ban on the use of excessive force.

3.      Jurisdiction over the state law claims is founded upon the supplemental jurisdiction of this Court, 28 USC § 1367.

4.      Plaintiff's claims for relief are predicated upon 42 USC § 1983, which authorizes actions to redress the deprivation, under the color of state law, of rights, privileges, and immunities secured by the Constitution and the Laws of the United States, and upon 42 USC § 1988, which authorizes the award of attorney's fees and costs to a prevailing Plaintiff in an action brought pursuant to 42 USC § 1983.

5.      At all times material, Plaintiff CARLSON ST. LOUIS (hereinafter "ST. LOUIS") was and is an adult permanent legal resident of the United States residing in Broward County, Florida, and is otherwise *sui juris*.

6.      At all times material, Defendant CITY OF MIAMI BEACH was and is a Florida municipal corporation operating and conducting business in Miami-Dade County, Florida, and was and is a subdivision of the State of Florida, organized and existing under the laws of Florida, and is otherwise *sui juris.*

7.      At all times material, Defendants OFFICER PHILIPPE ARCHER, OFFICER LEON AZICRI, OFFICER FREDERICK DOMINGUEZ, OFFICER PHILIP ELMORE, OFFICER KENNE ESPADA, OFFICER ANTONIO FERBEYRE, OFFICER ERIC FIGUEROA, and OFFICER DERICK KUILAN (hereinafter collectively referred to as the "MIAMI BEACH

OFFICERS" or individually by last name) were police officers employed by Defendant CITY OF MIAMI BEACH and are being sued in their individual capacities, and are otherwise *sui juris*.

8. At all times material, Defendants MIAMI BEACH OFFICERS were acting under color of state law as active and duly appointed police officers, and in such capacity as the agents, servants, and employees of Defendant CITY OF MIAMI BEACH.

9. At all times material, Defendant CITY OF HIALEAH was and is a Florida municipal corporation operating and conducting business in Miami-Dade County, Florida, and was and is a subdivision of the State of Florida, organized and existing under the laws of Florida, and is otherwise *sui juris*.

10. At all times material, Defendants OFFICER RICARDO BABICH, OFFICER MARLON ESPINOZA, OFFICER ERIK MARTIN, and OFFICER SONNY OCHART (hereinafter collectively referred to as the "HIALEAH OFFICERS" or individually by last name), were police officers employed by Defendant CITY OF HIALEAH and are being sued in their individual capacities, and are otherwise *sui juris*.

11. At all times material, Defendants HIALEAH OFFICERS were acting under color of state law as active and duly appointed police officers, and in such capacity as the agents, servants, and employees of Defendant CITY OF HIALEAH.

12. At all times material, the acts and practices constituting the violations alleged herein occurred within the City of Miami Beach, which is properly within the jurisdiction of the United States District Court in and for the Southern District of Florida.   Venue in the Southern District of Florida, Miami Division, is proper because the incident which is the subject of this lawsuit occurred in Miami-Dade County, Florida, and Defendants CITY OF MIAMI BEACH and CITY OF HIALEAH are located in this venue. *See* 28 USC § § 1391(b)(1) and 1391(b)(2).

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

13.     Plaintiff has complied with all conditions precedent to the filing of this lawsuit pursuant to Fla. Stat. § 768.28, and all applicable Notices have been provided to Defendants.

14.     Plaintiff has retained the undersigned counsel to represent his interests in prosecuting this action, and Plaintiff is entitled to reimbursement of reasonable attorneys' fees and costs incurred in connection with this action pursuant to 42 USC § 1988.

## STATEMENT OF FACTS

15.     On May 30, 2011, Plaintiff ST. LOUIS was attending the Memorial Day festivities on Miami Beach, Florida commonly referred to as "Urban Beach Weekend."

16.     On May 30, 2011, Defendants MIAMI BEACH OFFICERS and HIALEAH OFFICERS were part of a joint taskforce of officers who were assigned to patrol the area in and around the City of Miami Beach for Urban Beach Weekend.

17.     Upon information and belief, shortly before 4:00 a.m. on May 30, 2011, Defendants MIAMI BEACH OFFICERS and HIALEAH OFFICERS encountered a vehicle driven by Raymond Herisse.

18.     After an initial traffic stop of Herisse's vehicle was attempted, Defendants MIAMI BEACH OFFICERS and HIALEAH OFFICERS began pursuit of Herisse's vehicle, with all 12 officers discharging their weapons in the general direction of Herisse's vehicle over the course of three separate confrontations.

19.     At the time of this incident, Plaintiff ST. LOUIS was lawfully walking on the sidewalk between the 1300 and 1400 blocks of Collins Ave. when he, along with several others, found himself caught in the hail of bullets fired by the Defendants MIAMI BEACH OFFICERS and HIALEAH OFFICERS.

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

20.     At the last of three confrontations with the Defendant police officers, Herisse's vehicle came to a stop, where Defendants ARCHER, DOMINGUEZ, ELMORE, ESPADA, FERBEYRE, FIGUEROA, BABICH, and OCHART surrounded Herisse's vehicle and discharged their firearms multiple times, scattering bullets into the surrounding public area along Collins Avenue in Miami Beach, Florida, which was crowded with thousands of bystanders attending the Urban Beach Weekend festivities.

21.     One of these bullets, fired by Defendant ELMORE, struck Plaintiff ST. LOUIS in the left pelvis, shattering bone and causing severe and traumatic injuries to his left hip and leg.

22.     As a result of his injuries, Plaintiff ST. LOUIS was transported to Jackson Memorial Hospital, where he underwent extensive emergency medical treatment to stabilize his condition and repair his injured pelvis and femur, including the implantation of hardware.

23.     As a result of the intentional, illegal, and reckless actions and extreme negligence of Defendants MIAMI BEACH OFFICERS and HIALEAH OFFICERS, Plaintiff ST. LOUIS has sustained permanent and ongoing injuries and damages, and will suffer said injuries and damages for the rest of his life.

24.     As a result of their reckless actions, discharging their firearms without a safe backstop and collectively firing over 120 bullets into a crowded public area, Defendants MIAMI BEACH OFFICERS and HIALEAH OFFICERS placed the public at an unnecessarily high risk of serious bodily injury or death.

25.     Defendants CITY OF MIAMI BEACH and CITY OF HIALEAH knew that Urban Beach Weekend would draw thousands of people to Miami Beach, Florida, and knew of past complaints of excessive and/or heightened levels of force against attendees by police during the annual event.   None of the Defendants MIAMI BEACH POLICE OFFICERS or CITY OF

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

HIALEAH POLICE OFFICERS were adequately trained prior to May 30, 2011 to handle or deescalate this incident, which Defendants CITY OF MIAMI BEACH and CITY OF HIALEAH knew, or should have known, would place the public at an unnecessarily high risk of serious bodily injury or death.

26.     Moreover, prior to May 30, 2011, Defendants CITY OF MIAMI BEACH and CITY OF HIALEAH had a pattern, practice, custom, and policy of police misconduct, including a failure to properly train and supervise their officers, negligently hiring and retaining officers, and using excessive force against citizens, and particularly in the use of excessive and/or heightened levels of force during Urban Beach Weekend, an annual celebration that is predominantly attended by African Americans in the City of Miami Beach, Florida.

27.     As a direct and proximate result of the actions of Defendants CITY OF MIAMI BEACH, CITY OF HIALEAH, and their officers as stated herein, Plaintiff ST. LOUIS suffered the following injuries and damages:

    a.   Violation of his constitutional rights under the Fourth Amendment;

    b.   Violation of his constitutional rights under the Fourteenth Amendment;

    c.   Severe bodily injury and resulting pain and suffering;

    d.   Loss of earnings and net accumulations;

    e.   Past and future medical bills and expenses;

    f.   Mental pain and suffering from the past date of injury through the future; and

    g.   Loss of capacity for enjoyment of life.

28. Furthermore, the actions of Defendants violated the following clearly established and well-settled federal constitutional rights of Plaintiff ST. LOUIS:

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

a.   Freedom from the use of excessive force, unreasonable and unjustified force against his person;

b.   Equal Protection under the law; and

c.   Substantive Due Process.

**COUNT I**
**42 USC § 1983 CLAIM – CITY OF MIAMI BEACH**

29.   Plaintiff hereby realleges and incorporates paragraphs 1 through 28, as if fully set forth herein.

30.   This is an action brought against Defendant CITY OF MIAMI BEACH pursuant to a deprivation of Plaintiff's constitutional rights by its agents, servants, and employees, Defendants MIAMI BEACH OFFICERS and, notably Defendant ELMORE, in violation of 42 USC § 1983.

31.   At all times material hereto, Defendants MIAMI BEACH OFFICERS were acting under color of law, as authorized agents of Defendant CITY OF MIAMI BEACH, in furtherance of the interests of Defendant CITY OF MIAMI BEACH, and with their consent.

32.   Prior to May 30, 2011, Defendant CITY OF MIAMI BEACH, through its agents, servants, and employees, permitted and tolerated a pattern, custom, and practice of unjustified, unreasonable, and illegal use of force and police brutality against members of the public by the City of Miami Beach Police Department.   Although such acts were improper, officers involved were not prosecuted, disciplined, or subjected to retraining, and some of said incidents were in fact covered up with official claims that said acts were justified and proper.

33.   Thus, police officers employed by Defendant CITY OF MIAMI BEACH are secure in knowing that a reported incident will not result in a meaningful disciplinary proceeding or punishment, even when presented with video evidence, the testimony of independent witnesses, or the testimony of fellow officers.   As a result, Defendants MIAMI BEACH OFFICERS were

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

encouraged to believe members of the public could be subjected to illegal use of force, and that said illegal use of force would in fact be permitted, condoned, or covered-up by Defendant CITY OF MIAMI BEACH.

34.    Moreover, subsequent to May 30, 2011, Defendant CITY OF MIAMI BEACH continued to permit and tolerate incidents of excessive force, further establishing the use of excessive force as an unwritten custom and practice of the police department for the CITY OF MIAMI BEACH.

35.    This established custom and practice of the police department for Defendant CITY OF MIAMI BEACH caused injury to Plaintiff ST. LOUIS when he became the victim of excessive force on May 30, 2011.

36.    At all times material, Defendant CITY OF MIAMI BEACH was responsible for implementing the rules and regulations with regard to hiring, retaining, screening, training, supervising, controlling, disciplining, and assigning police officers to their duties in the City of Miami Beach Police Department.

37.    Defendant CITY OF MIAMI BEACH was deliberately indifferent in that it either expressly or impliedly acknowledged and assented to the failure to hire, retain, screen, train, supervise, control, or discipline its police officers for dangerous propensities, lack of training and skill, and other identifiable characteristics, making said officers, such as the Defendants MIAMI BEACH OFFICERS, unfit to perform their lawful duties.

38.    Defendant CITY OF MIAMI BEACH was deliberately indifferent to the rights of the public, including Plaintiff ST. LOUIS, in that it failed to determine whether members of its police department, including Defendants MIAMI BEACH OFFICERS, posed a threat to the public

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

as a result of their propensity to commit unlawful acts and to engage in violent activity, including acts of excessive force.

39.     Defendant CITY OF MIAMI BEACH, through its deliberate indifference, failed to ensure that its police officers, including Defendants MIAMI BEACH OFFICERS, did not violate the constitutional and statutory rights of the citizens of the State of Florida, including Plaintiff ST. LOUIS, while said police officers were acting under color of state law for Defendant CITY OF MIAMI BEACH.

40.     The deliberate indifference of Defendant CITY OF MIAMI BEACH exhibited a reckless, wanton, and callous disregard for the rights of persons, including Plaintiff ST. LOUIS, who may be assaulted, battered, injured, or maimed for life by its police officers, including Defendants MIAMI BEACH OFFICERS, who were inadequately trained, supervised, and disciplined.

41.     Specifically with regard to Defendant ELMORE, Defendant CITY OF MIAMI BEACH was deliberately indifferent in the selection, retaining, training, and supervision of OFFICER PHILIP ELMORE, in that Defendant CITY OF MIAMI BEACH: hired and retained Defendant ELMORE when it knew, or in the exercise of reasonable care should have known, of a disposition to engage in such unlawful conduct, including excessive force and the unlawful conduct complained of herein; failed to remove Defendant ELMORE from his position of authority as a police officer despite the fact that it knew or should have known of a disposition to engage in such unlawful conduct, including excessive force and the unlawful conduct complained of herein; failed to take any meaningful disciplinary action against Defendant ELMORE, despite the fact it knew or should have known of a disposition to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein; failed to protect members of the

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

general public, including Plaintiff ST. LOUIS, from violation of their constitutional and statutory rights, despite the fact that it knew or should have known of the disposition of Defendant ELMORE to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein.

42.     The misconduct described herein represented a strong likelihood, rather than a mere possibility, that Defendant CITY OF MIAMI BEACH's customs, policies, and procedures would result in a constitutional violation like the one suffered by Plaintiff ST. LOUIS on May 30, 2011.

43.     The deliberate indifference of Defendant CITY OF MIAMI BEACH violated the constitutional rights of Plaintiff ST. LOUIS, for which 42 USC § 1983 provides the appropriate remedies as requested herein.

44.     As a direct and proximate result of the illegal acts of Defendants MIAMI BEACH OFFICERS, and notably Defendant ELMORE, who were agents, servants, and employees of Defendant CITY OF MIAMI BEACH, and the unconstitutional policies, customs, and practices of Defendant CITY OF MIAMI BEACH, Plaintiff ST. LOUIS suffered serious bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

45.     WHEREFORE, Plaintiff, CARLSON ST. LOUIS, demands the following relief:

   a.   Judgment in his favor against Defendant, CITY OF MIAMI BEACH;

   b.   An award of compensatory damages in an amount greater than $75,000;

   c.   An award of punitive damages;

   d.   An award of attorneys' fees and costs pursuant to 42 USC § 1988;

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

e.   Trial by jury as to all issues so triable; and

f.   An award of such other and further relief the Court deems just and appropriate.

economic, non-economic and consequential damages together with all costs of

this action, interest, and any other further relief this Court deems appropriate.

**COUNT II**
**42 USC § 1983 CLAIM – CITY OF HIALEAH**

46.     Plaintiff hereby realleges and incorporates paragraphs 1 through 28, as if fully set

forth herein.

47.     This is an action brought against Defendant CITY OF HIALEAH pursuant to a

deprivation of Plaintiff's constitutional rights by its agents, servants, and employees, Defendants

HIALEAH OFFICERS in violation of 42 USC § 1983.

48.     At all times material hereto, Defendants HIALEAH OFFICERS were acting under

color of law, as authorized agents of Defendant CITY OF HIALEAH, in furtherance of the interests

of Defendant CITY OF HIALEAH, and with their consent.

49.     Prior to May 30, 2011, Defendant CITY OF HIALEAH, through its agents,

servants, and employees, permitted and tolerated a pattern, custom, and practice of unjustified,

unreasonable, and illegal use of force and police brutality against members of the public by the

City of Hialeah Police Department.   Although such acts were improper, officers involved were

not prosecuted, disciplined, or subjected to retraining, and some of said incidents were in fact

covered up with official claims that said acts were justified and proper.

50.     Thus, police officers employed by Defendant CITY OF HIALEAH are secure in

knowing that a reported incident will not result in a meaningful disciplinary proceeding or

punishment, even when presented with video evidence, the testimony of independent witnesses,

or the testimony of fellow officers.   As a result, Defendants HIALEAH OFFICERS were

11

encouraged to believe members of the public could be subjected to illegal use of force, and that said illegal use of force would in fact be permitted, condoned, or covered-up by Defendant CITY OF HIALEAH.

51.     Moreover, subsequent to May 30, 2011, Defendant CITY OF HIALEAH continued to permit and tolerate incidents of excessive force, further establishing the use of excessive force as an unwritten custom and practice of the police department for the CITY OF HIALEAH.

52.     This established custom and practice of the police department for Defendant CITY OF HIALEAH caused injury to Plaintiff ST. LOUIS when he became the victim of excessive force on May 30, 2011.

53.     At all times material, Defendant CITY OF HIALEAH was responsible for implementing the rules and regulations with regard to hiring, retaining, screening, training, supervising, controlling, disciplining, and assigning police officers to their duties in the City of Hialeah Police Department.

54.     Defendant CITY OF HIALEAH was deliberately indifferent in that it either expressly or impliedly acknowledged and assented to the failure to hire, retain, screen, train, supervise, control, or discipline its police officers for dangerous propensities, lack of training and skill, and other identifiable characteristics, making said officers, such as the Defendants HIALEAH OFFICERS, unfit to perform their lawful duties.

55.     Defendant CITY OF HIALEAH was deliberately indifferent to the rights of the public, including Plaintiff ST. LOUIS, in that it failed to determine whether members of its police department, including Defendants HIALEAH OFFICERS, posed a threat to the public as a result of their propensity to commit unlawful acts and to engage in violent activity, including acts of excessive force.

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

56.     Defendant CITY OF HIALEAH, through its deliberate indifference, failed to ensure that its police officers, including Defendants HIALEAH OFFICERS, did not violate the constitutional and statutory rights of the citizens of the State of Florida, including Plaintiff ST. LOUIS, while said police officers were acting under color of state law for Defendant CITY OF HIALEAH.

57.     The deliberate indifference of Defendant CITY OF HIALEAH exhibited a reckless, wanton, and callous disregard for the rights of persons, including Plaintiff ST. LOUIS, who may be assaulted, battered, injured, or maimed for life by its police officers, including Defendants HIALEAH OFFICERS, who were inadequately trained, supervised, and disciplined.

58.     The misconduct described herein represented a strong likelihood, rather than a mere possibility, that Defendant CITY OF HIALEAH's customs, policies, and procedures would result in a constitutional violation like the one suffered by Plaintiff ST. LOUIS on May 30, 2011.

59.     The deliberate indifference of Defendant CITY OF HIALEAH violated the constitutional rights of Plaintiff ST. LOUIS, for which 42 USC § 1983 provides the appropriate remedies as requested herein.

60.     As a direct and proximate result of the illegal acts of Defendants HIALEAH OFFICERS, who were agents, servants, and employees of Defendant CITY OF HIALEAH, and the unconstitutional policies, customs, and practices of Defendant CITY OF HIALEAH, Plaintiff ST. LOUIS suffered serious bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

61.     WHEREFORE, Plaintiff, CARLSON ST. LOUIS, demands the following relief:

a.  Judgment in his favor against Defendant, CITY OF HIALEAH;

b.  An award of compensatory damages in an amount greater than $75,000;

c.  An award of punitive damages;

d.  An award of attorneys' fees and costs pursuant to 42 USC § 1988;

e.  Trial by jury as to all issues so triable; and

f.  An award of such other and further relief the Court deems just and appropriate. economic, non-economic and consequential damages together with all costs of this action, interest, and any other further relief this Court deems appropriate.

## COUNT III
## 42 USC § 1983 CLAIM – MIAMI BEACH OFFICERS

62.     Plaintiff hereby realleges and incorporates paragraphs 1 through 28, as if fully set forth herein.

63.     This is an action brought against Defendants MIAMI BEACH OFFICERS for use of excessive force under color of law which deprived Plaintiff ST. LOUIS of his constitutionally protected rights, in violation of 42 USC § 1983.

64.     At all times material hereto, Plaintiff ST. LOUIS had a constitutional right to be free from the use of excessive force against his person and from unlawful searches and seizures, and had a constitutional right to not be deprived of his liberty and due process of law, under the Fourth and Fourteenth Amendments to the United States Constitution.

65.     All eight Defendants MIAMI BEACH OFFICERS involved in this incident participated in an excessive amount of force used on Plaintiff ST. LOUIS by discharging their weapons multiple times into a crowded public place and without a suitable backstop.

66.     The level of force used was so reckless that it violated clearly established laws of which a reasonable person would have known.

14

67.     All eight Defendants MIAMI BEACH OFFICERS involved in the shooting incident failed to appropriately assess and deescalate the situation to which they were responding and failed to use the appropriate level of force for the situation presented.

68.     The joint participation by the officers involved in the shooting incident in failing to appropriately deescalate the situation to which they were responding and in failing to use the appropriate level of force for the situation presented was so reckless that it violated clearly established law of which a reasonable person would have known.

69.     While Defendants MIAMI BEACH OFFICERS were acting under the authority of the State of Florida and under color of state law as members of the Miami Beach Police Department, they subjected Plaintiff ST. LOUIS to a deprivation of the rights and privileges afforded to him by the Constitution of the United States, and specifically by the Fourth and Fourteenth Amendments to the United States Constitution.

70.     As a direct and proximate result of the illegal acts of Defendants MIAMI BEACH OFFICERS, Plaintiff ST. LOUIS suffered serious bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

71.     WHEREFORE, Plaintiff, CARLSON ST. LOUIS, demands the following relief:

a.   Judgment in his favor against Defendants MIAMI BEACH OFFICERS;

b.   An award of compensatory damages in an amount greater than $75,000;

c.   An award of punitive damages;

d.   An award of attorneys' fees and costs pursuant to 42 USC § 1988;

e.   Trial by jury as to all issues so triable; and

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

f.  An award of such other and further relief the Court deems just and appropriate.

economic, non-economic and consequential damages together with all costs of

this action, interest, and any other further relief this Court deems appropriate.

## COUNT IV
## 42 USC § 1983 CLAIM – OFFICER ELMORE

72.  Plaintiff hereby realleges and incorporates paragraphs 1 through 28, as if fully set

forth herein.

73.  This is an action brought against Defendant ELMORE for use of excessive force

under color of law which deprived Plaintiff ST. LOUIS of his constitutionally protected rights, in

violation of 42 USC § 1983.

74.  At all times material hereto, Plaintiff ST. LOUIS had a constitutional right to be free

from the use of excessive force against his person and from unlawful searches and seizures, and

had a constitutional right to not be deprived of his liberty and due process of law, under the Fourth

and Fourteenth Amendments to the United States Constitution.

75.  Defendant ELMORE, while acting in his capacity as a police officer for Defendant

CITY OF MIAMI BEACH violated 42 USC § 1983 by inflicting serious personal injury upon

Plaintiff ST. LOUIS.

76.  By intentionally using an excessive amount of force when discharging his weapon

multiple times into a crowded public place and without a suitable backstop, Defendant ELMORE

did shoot Plaintiff ST. LOUS in the pelvis while he peaceably walked along the sidewalk near the

1300-1400 block of Collins Ave. in Miami Beach, Florida on May 30, 2011.

77.  The level of force used by Defendant OFFICER PHILIP ELMORE was so reckless

that it violated clearly established laws of which a reasonable person would have known.

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

78.     While Defendant ELMORE was acting under the authority of the State of Florida and under color of state law as a member of the Miami Beach Police Department, he subjected Plaintiff ST. LOUIS to a deprivation of the rights and privileges afforded to him by the Constitution of the United States, and specifically by the Fourth and Fourteenth Amendments to the United States Constitution.

79.     As a direct and proximate result of the illegal acts of Defendant ELMORE, Plaintiff ST. LOUIS suffered serious bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

80.     WHEREFORE, Plaintiff, CARLSON ST. LOUIS, demands the following relief:

    a.   Judgment in his favor against Defendant ELMORE;

    b.   An award of compensatory damages in an amount greater than $75,000;

    c.   An award of punitive damages;

    d.   An award of attorneys' fees and costs pursuant to 42 USC § 1988;

    e.   Trial by jury as to all issues so triable; and

    f.   An award of such other and further relief the Court deems just and appropriate. economic, non-economic and consequential damages together with all costs of this action, interest, and any other further relief this Court deems appropriate.

**COUNT V**
**42 USC § 1983 CLAIM – HIALEAH OFFICERS**

81.     Plaintiff hereby realleges and incorporates paragraphs 1 through 28, as if fully set forth herein.

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

82.    This is an action brought against Defendants HIALEAH OFFICERS for use of excessive force under color of law which deprived Plaintiff ST. LOUIS of his constitutionally protected rights, in violation of 42 USC § 1983.

83.    At all times material hereto, Plaintiff ST. LOUIS had a constitutional right to be free from the use of excessive force against his person and from unlawful searches and seizures, and had a constitutional right to not be deprived of his liberty and due process of law, under the Fourth and Fourteenth Amendments to the United States Constitution.

84.    All four Defendants HIALEAH OFFICERS involved in this incident participated in an excessive amount of force used on Plaintiff ST. LOUIS by discharging their weapons multiple times into a crowded public place and without a suitable backstop.

85.    The level of force used was so reckless that it violated clearly established laws of which a reasonable person would have known.

86.    All four Defendants HIALEAH OFFICERS involved in the shooting incident failed to appropriately assess and deescalate the situation to which they were responding and in failing to use the appropriate level of force for the situation presented.

87.    The joint participation by the officers involved in the shooting incident in failing to appropriately deescalate the situation to which they were responding and in failing to use the appropriate level of force for the situation presented was so reckless that it violated clearly established law of which a reasonable person would have known.

88.    While Defendants HIALEAH OFFICERS were acting under the authority of the State of Florida and under color of state law as members of the Hialeah Police Department, they subjected Plaintiff ST. LOUIS to a deprivation of the rights and privileges afforded to him by the

Constitution of the United States, and specifically by the Fourth and Fourteenth Amendments to the United States Constitution.

89.      As a direct and proximate result of the illegal acts of Defendants HIALEAH OFFICERS, Plaintiff ST. LOUIS suffered serious bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

90.      WHEREFORE, Plaintiff, CARLSON ST. LOUIS, demands the following relief:

    a.   Judgment in his favor against Defendants HIALEAH OFFICERS;

    b.   An award of compensatory damages in an amount greater than $75,000;

    c.   An award of punitive damages;

    d.   An award of attorneys' fees and costs pursuant to 42 USC § 1988;

    e.   Trial by jury as to all issues so triable; and

    f.   An award of such other and further relief the Court deems just and appropriate. economic, non-economic and consequential damages together with all costs of this action, interest, and any other further relief this Court deems appropriate.

**COUNT VI**
**NEGLIGENCE – CITY OF MIAMI BEACH**

91.      Plaintiff hereby realleges and incorporates paragraphs 1 through 28, as if fully set forth herein.

92.      This is an action brought against Defendant CITY OF MIAMI BEACH based upon its own negligence, and for the negligence of Defendants MIAMI BEACH OFFICERS, most notably Defendant ELMORE, under the doctrine of respondeat superior.

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

93.     At all times material hereto, Defendants MIAMI BEACH OFFICERS were employees, servants, and agents of Defendant CITY OF MIAMI BEACH, and were acting within the course and scope of their employment with same, in furtherance of the interests of Defendant CITY OF MIAMI BEACH, and with their consent.

94.     As such, Defendant CITY OF MIAMI BEACH is liable for all of the actions and omissions by Defendants MIAMI BEACH OFFICERS that gave rise to this action.

95.     Defendant CITY OF MIAMI BEACH, by and through its employees, servants, and agents – Defendants MIAMI BEACH OFFICERS – owed a duty to Plaintiff ST. LOUIS, and to the public, in general, to act in a prudent and reasonable manner with regard to their health and safety.

96.     Generally, Defendant CITY OF MIAMI BEACH, by and through the actions of Defendants MIAMI BEACH OFFICERS, breached the duty owed to Plaintiff ST. LOUIS by the following actions and omissions:

   a)  Failing to properly train Defendants MIAMI BEACH OFFICERS;

   b)  Failing to make an appropriate investigation of Defendants MIAMI BEACH OFFICERS prior to employing them;

   c)  Failing to properly supervise Defendants MIAMI BEACH OFFICERS;

   d)  Failing to terminate Defendants MIAMI BEACH OFFICERS' employment when they became aware of the officers' unsuitability for employment;

   e)  Failing to appropriately assess and deescalate the encounter with Raymond Herrisse, and failing to use the appropriate level of force for the situation presented;

   f)  Negligently and recklessly discharging their firearms into a crowded public area with numerous bystanders in close proximity and without a suitable backstop;

   g)  Failing to conduct a fair and proper investigation of this incident;

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

    h)  Failing to promulgate reasonable policies, procedures, customs, and practices, as it relates to the use of appropriate levels of force, specifically during Urban Beach Weekend, and how to properly assess levels of threat and deescalate confrontations without inappropriate use of force.

97.    Most notably, Defendant CITY OF MIAMI BEACH, by and through Defendant ELMORE, breached the duty owed to Plaintiff ST. LOUIS by the following actions and omissions:

    a)  Negligently hiring, retaining, training, and supervising Defendant ELMORE when it knew, or in the exercise of reasonable care should have known, of the disposition of Defendant ELMORE to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein;

    b)  Failing to remove Defendant ELMORE from his position of authority as a police officer despite the fact that it knew or should have known of the disposition of Defendant ELMORE to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein;

    c)  Failing to take any meaningful disciplinary action against Defendant ELMORE despite the fact it knew or should have known of the disposition of Defendant ELMORE to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein;

    d)  Failing to protect members of the general public, including Plaintiff ST. LOUIS, from violation of their constitutional and statutory rights, despite the fact that it knew or should have known of the disposition of Defendant ELMORE to engage in such unlawful conduct including excessive force and the unlawful conduct complained of herein;

    e)  Failing to appropriately assess and deescalate the encounter with Raymond Herrisse, and failing to use the appropriate level of force for the situation presented; and

    f)  Negligently and recklessly firing in the direction of Plaintiff ST. LOUIS such that Plaintiff was struck in the pelvis by a bullet fired by Defendant ELMORE's firearm, leaving Plaintiff seriously injured.

98.    Defendant CITY OF MIAMI BEACH, by and through the actions of its employees, servants, and agents, Defendants MIAMI BEACH OFFICERS, proximately caused the permanent and ongoing injuries and damages sustained by Plaintiff ST. LOUIS.

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

99.    As a direct and proximate result of the illegal acts of Defendant CITY OF MIAMI BEACH, by and through the actions of its employees, servants, and agents, Defendants MIAMI BEACH OFFICERS, Plaintiff ST. LOUIS suffered serious bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

100.    WHEREFORE, Plaintiff ST. LOUIS demands compensatory damages against Defendant CITY OF MIAMI BEACH for his personal injuries, pain and suffering, past, present, and future medical expenses, mental anguish, loss of earning capacity, loss of capacity to enjoy life, as well as his costs, and all other relief the Court deems just and proper.

## COUNT VII
## NEGLIGENCE – CITY OF HIALEAH

101.    Plaintiff hereby realleges and incorporates paragraphs 1 through 28, as if fully set forth herein.

102.    This is an action brought against Defendant CITY OF HIALEAH based upon its own negligence, and for the negligence of Defendants HIALEAH OFFICERS, most notably Defendant ELMORE, under the doctrine of respondeat superior.

103.    At all times material hereto, Defendants HIALEAH OFFICERS were employees, servants, and agents of Defendant CITY OF HIALEAH, and were acting within the course and scope of their employment with same, in furtherance of the interests of Defendant CITY OF HIALEAH, and with their consent.

104.    As such, Defendant CITY OF HIALEAH is liable for all of the actions and omissions by Defendants HIALEAH OFFICERS that gave rise to this action.

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

105.   Defendant CITY OF HIALEAH, by and through its employees, servants, and agents – Defendants HIALEAH OFFICERS – owed a duty to Plaintiff ST. LOUIS, and to the public, in general, to act in a prudent and reasonable manner with regard to their health and safety.

106.   Defendant CITY OF HIALEAH, by and through the actions of Defendants HIALEAH OFFICERS, breached the duty owed to Plaintiff ST. LOUIS by the following actions and omissions:

> i)   Failing to properly train Defendants HIALEAH OFFICERS;
>
> j)   Failing to make an appropriate investigation of Defendants HIALEAH OFFICERS prior to employing them;
>
> k)   Failing to properly supervise Defendants HIALEAH OFFICERS;
>
> l)   Failing to terminate Defendants HIALEAH OFFICERS' employment when they became aware of the officers' unsuitability for employment;
>
> m)   Failing to appropriately assess and deescalate the encounter with Raymond Herrisse, and failing to use the appropriate level of force for the situation presented;
>
> n)   Negligently and recklessly discharging their firearms into a crowded public area with numerous bystanders in close proximity and without a suitable backstop;
>
> o)   Failing to conduct a fair and proper investigation of this incident;
>
> p)   Failing to promulgate reasonable policies, procedures, customs, and practices, as it relates to the use of appropriate levels of force, specifically during Urban Beach Weekend, and how to properly assess levels of threat and deescalate confrontations without inappropriate use of force.

107.   Defendant CITY OF HIALEAH, by and through the actions of its employees, servants, and agents, Defendants HIALEAH OFFICERS, proximately caused the permanent and ongoing injuries and damages sustained by Plaintiff ST. LOUIS.

108.   As a direct and proximate result of the illegal acts of Defendant CITY OF HIALEAH, by and through the actions of its employees, servants, and agents, Defendants

23

HIALEAH OFFICERS, Plaintiff ST. LOUIS suffered serious bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

109.    WHEREFORE, Plaintiff ST. LOUIS demands compensatory damages against Defendant CITY OF HIALEAH for his personal injuries, pain and suffering, past, present, and future medical expenses, mental anguish, loss of earning capacity, loss of capacity to enjoy life, as well as his costs, and all other relief the Court deems just and proper.

### COUNT VIII
### BATTERY – OFFICER ELMORE

110.    Plaintiff hereby realleges and incorporates paragraphs 1 through 28, as if fully set forth herein.

111.    This is an action brought against Defendant ELMORE for the intentional tort of battery upon Plaintiff ST. LOUIS

112.    On May 30, 2011, Defendant ELMORE did unlawfully batter Plaintiff ST. LOUIS by shooting him in the pelvis, without Plaintiff's consent and against his will.

113.    Defendant ELMORE's acts of discharging a deadly firearm so many times into a crowded public area, and without a suitable backstop, was so reckless that it evinces malicious purpose, or was conducted in a manner exhibiting wanton and willful disregard for human life, as contemplated by Fla. Stat. § 768.28(9)(a).

114.    As a direct and proximate results of the illegal acts of Defendant ELMORE, Plaintiff ST. LOUIS suffered serious bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization,

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

medical care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

115.    WHEREFORE, Plaintiff ST. LOUIS demands compensatory damages against Defendant ELMORE for his personal injuries, pain and suffering, past, present, and future medical expenses, mental anguish, loss of earning capacity, loss of capacity to enjoy life, as well as his costs, and all other relief the Court deems just and proper.

**COUNT IX**
**BATTERY – CITY OF MIAMI BEACH**

116.    Plaintiff hereby realleges and incorporates paragraphs 1 through 28, as if fully set forth herein.

117.    This is an action brought against Defendant CITY OF MIAMI BEACH for the intentional tort of battery upon Plaintiff ST. LOUIS.

118.    On May 30, 2011, Defendant ELMORE did unlawfully batter Plaintiff ST. LOUIS by shooting him in the pelvis, without Plaintiff's consent and against his will.

119.    At all times material hereto, Defendant ELMORE was acting in the course and scope of his duties as an agent, servant, and employee of Defendant CITY OF MIAMI BEACH.

120.    Defendant ELMORE's acts of discharging a deadly firearm so many times into a crowded public area, and without a suitable backstop, was so reckless that it evinces malicious purpose, or was conducted in a manner exhibiting wanton and willful disregard for human life, as contemplated by Fla. Stat. § 768.28(9)(a).

121.    As a direct and proximate results of the illegal acts of Defendant ELMORE, for which Defendant CITY OF MIAMI BEACH is responsible, Plaintiff ST. LOUIS suffered serious bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

122.    WHEREFORE, Plaintiff ST. LOUIS demands compensatory damages against Defendant CITY OF MIAMI BEACH for his personal injuries, pain and suffering, past, present, and future medical expenses, mental anguish, loss of earning capacity, loss of capacity to enjoy life, as well as his costs, and all other relief the Court deems just and proper.

## COUNT X
## ASSAULT – MIAMI BEACH OFFICERS

123.    Plaintiff hereby realleges and incorporates paragraphs 1 through 28, as if fully set forth herein.

124.    This is an action brought against Defendants MIAMI BEACH OFFICERS for the intentional tort of assault upon Plaintiff ST. LOUIS.

125.    On May 30, 2011, all eight Defendants MIAMI BEACH OFFICERS did unlawfully discharge deadly firearms multiple times into a crowded public area, and without a suitable backstop.

126.    The acts of all eight Defendants MIAMI BEACH OFFICERS did arouse a well-founded fear of imminent peril and death in Plaintiff ST. LOUIS.

127.    The acts by Defendants MIAMI BEACH OFFICERS were so reckless that they evinced malicious purpose, or were conducted in a manner exhibiting wanton and willful disregard for human life, as contemplated by Fla. Stat. § 768.28(9)(a).

128.    As a direct and proximate results of the illegal acts by Defendants MIAMI BEACH OFFICERS, Plaintiff ST. LOUIS suffered serious bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

129.    WHEREFORE, Plaintiff ST. LOUIS demands compensatory damages against Defendants MIAMI BEACH OFFICERS for his personal injuries, pain and suffering, past, present, and future medical expenses, mental anguish, loss of earning capacity, loss of capacity to enjoy life, as well as his costs, and all other relief the Court deems just and proper.

**COUNT XI**
**ASSAULT – CITY OF MIAMI BEACH**

130.    Plaintiff hereby realleges and incorporates paragraphs 1 through 28, as if fully set forth herein.

131.    This is an action brought against Defendant CITY OF MIAMI BEACH for the intentional tort of assault upon Plaintiff ST. LOUIS.

132.    On May 30, 2011, all eight Defendants MIAMI BEACH OFFICERS did unlawfully discharge deadly firearms multiple times into a crowded public area, and without a suitable backstop.

133.    The acts of all eight Defendants MIAMI BEACH OFFICERS did arouse a well-founded fear of imminent peril and death in Plaintiff ST. LOUIS.

134.    At all times material hereto, Defendants MIAMI BEACH OFFICERS were acting in the course and scope of their duties as agents, servants, and employees of Defendant CITY OF MIAMI BEACH.

135.    The acts by Defendants MIAMI BEACH OFFICERS were so reckless that they evinced malicious purpose, or were conducted in a manner exhibiting wanton and willful disregard for human life, as contemplated by Fla. Stat. § 768.28(9)(a).

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

136.    As a direct and proximate results of the illegal acts of Defendants MIAMI BEACH OFFICERS, for which Defendant CITY OF MIAMI BEACH is responsible, Plaintiff ST. LOUIS suffered serious bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

137.    WHEREFORE, Plaintiff ST. LOUIS demands compensatory damages against Defendant CITY OF MIAMI BEACH for his personal injuries, pain and suffering, past, present, and future medical expenses, mental anguish, loss of earning capacity, loss of capacity to enjoy life, as well as his costs, and all other relief the Court deems just and proper.

## COUNT XII
## ASSAULT – HIALEAH OFFICERS

138.    Plaintiff hereby realleges and incorporates paragraphs 1 through 28, as if fully set forth herein.

139.    This is an action brought against Defendant HIALEAH OFFICERS for the intentional tort of assault upon Plaintiff ST. LOUIS.

140.    On May 30, 2011, all four Defendants HIALEAH OFFICERS did unlawfully discharge deadly firearms multiple times into a crowded public area, and without a suitable backstop.

141.    The acts of all four Defendants HIALEAH OFFICERS did arouse a well-founded fear of imminent peril and death in Plaintiff ST. LOUIS.

142.    The acts by Defendants HIALEAH OFFICERS were so reckless that they evinced malicious purpose, or were conducted in a manner exhibiting wanton and willful disregard for human life, as contemplated by Fla. Stat. § 768.28(9)(a).

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

143.     As a direct and proximate results of the illegal acts by Defendants HIALEAH OFFICERS, Plaintiff ST. LOUIS suffered serious bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

144.     WHEREFORE, Plaintiff ST. LOUIS demands compensatory damages against Defendants HIALEAH OFFICERS for his personal injuries, pain and suffering, past, present, and future medical expenses, mental anguish, loss of earning capacity, loss of capacity to enjoy life, as well as his costs, and all other relief the Court deems just and proper.

## COUNT XIII
## ASSAULT – CITY OF HIALEAH

145.     Plaintiff hereby realleges and incorporates paragraphs 1 through 28, as if fully set forth herein.

146.     This is an action brought against Defendant CITY OF HIALEAH for the intentional tort of assault upon Plaintiff ST. LOUIS

147.     On May 30, 2011, all four Defendants HIALEAH OFFICERS did unlawfully discharge deadly firearms multiple times into a crowded public area, and without a suitable backstop.

148.     The acts of all four Defendants HIALEAH OFFICERS did arouse a well-founded fear of imminent peril and death in Plaintiff ST. LOUIS.

149.     At all times material hereto, Defendants HIALEAH OFFICERS were acting in the course and scope of their duties as agents, servants, and employees of Defendant CITY OF HIALEAH.

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

150.    The acts by Defendants HIALEAH OFFICERS were so reckless that they evinced malicious purpose, or were conducted in a manner exhibiting wanton and willful disregard for human life, as contemplated by Fla. Stat. § 768.28(9)(a).

151.    As a direct and proximate results of the illegal acts of Defendants HIALEAH OFFICERS, for which Defendant CITY OF HIALEAH is responsible, Plaintiff ST. LOUIS suffered serious bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

152.    WHEREFORE, Plaintiff ST. LOUIS demands compensatory damages against Defendant CITY OF HIALEAH for his personal injuries, pain and suffering, past, present, and future medical expenses, mental anguish, loss of earning capacity, loss of capacity to enjoy life, as well as his costs, and all other relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, CARLSON ST. LOUIS, demands a trial by jury for all issues so triable as of right.

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 3, 2015, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document

is being served this day on all counsel of record or pro se parties identified on the attached Service

List in the manner specified, either via transmission of Notices of Electronic Filing generated by

CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive

electronically Notices of Electronic Filing.

Respectfully Submitted,

By:_____*/s/ L. Elijah Stiers*_____

**STIERS LAW, P.A.**
***Attorneys for Plaintiff Carlson St. Louis***
150 W. Flagler St.
Ste. 2900, PH II
Miami, FL 33130
Eli@StiersLaw.com
Phone: 305-484-6244
Fax:   1-844-309-9046

## SERVICE LIST

**Marwan Porter, Esquire**
**PORTER LAW FIRM**
5033 SE Federal Hwy.
Stuart, FL 34997-6626
Marwan@theporterfirm.com
T. (888) 258-2448 / F. (772) 678-7566
Attorneys for Plaintiff Marcelline Azor

**Jasmine Rand, Esquire**
**RAND LAW, LLC**
**Email:** jasminerand@gmail.com
2525 Ponce de Leon Blvd. Ste. 300
Miami, FL 33134-6044
T. (305) 906-0040 / F. (305)-503-9235
Attorneys for Plaintiff, Cedrick Perkins

**Bradley Winston, Esquire**
**WINSTON & WIGAND, P.A.**
**Email:** bwinston@winstonlaw.com
2924 Davie Road, Suite 201
Davie, FL 33314
T. (954) 475-9666 / F. (954) 475-2279
Attorneys for Plaintiffs, Sarah Garcia/Joshua Alford

**L. Elijah Stiers, Esquire**
**STIERS LAW, P.A.**
**Email:** Eli@StiersLaw.com
150 W. Flagler St.
Ste. 2900, PH II
Miami, FL 33130
T. (305) 509-6511 / F. (844) 309-9046
Attorneys for Plaintiff Carlson St. Louis

**Robert L. Switkes, Esq.**
**ROBERT L. SWITKES & ASSOCIATES, P.A**.
Email: rswitkes@switkeslaw.com
ccronan@switkeslaw.com
407 Lincoln Road, P.H. SE
Miami, Beach, Florida 33139
T. (305) 534-4757 / F. (305) 538-5504
Counsel for Defendants, City of Miami Beach Police Officers

**Robert F. Rosenwald, Jr., Esquire**
**Sr. Assistant City Attorney**
**CITY OF MIAMI BEACH**
Email: robertrosenwald@miamibeachfl.gov
1700 Convention Center Drive
Legal Department – Fourth Floor
Miami Beach, FL 33139
T. (305) 673-7470 / F. (305) 673-7002
Counsel for Defendant, City of Miami Beach

**Alan E. Krueger, Assistant City Attorney**
**CITY OF HIALEAH**
Email: akrueger@hialeahfl.gov
501 Palm Avenue
Law Department – Fourth Floor
501 Palm Avenue
Hialeah, FL 33010
T. (305) 883-5853 / F. (305) 883-5896
Attorney for Defendant, City of Hialeah

**Devang Desai, Esquire**
**Mark R. Antonelli, Esquire**
**GAEBE, MULLEN, ANTONELLI & DIMATTEO**
Emails: ddesai@gaebemullen.com;
mantonelli@gaebemullen.com
420 South Dixie Highway
3rd Floor
Coral Gables, FL 33146
T. (305) 667-0223 / F. (305) 284-9844
Attorneys for Defendants, City of Hialeah Police Officers

STIERS LAW, P.A. // 150 W. FLAGLER ST. // PH II, STE. 2900, MIAMI, FL 33130
PH: 305.509.6511 // FAX: 1.844.309.9046
WWW.STIERSLAW.COM